Gladys C. Hosler, Appellant, *v.* Bellefonte Area School District and K. Frederick Mauger, Superintendent, Appellees.

Argued January 11, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three. Reargued December 2, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., ROGERS and BLATT. Judge MENCER did not participate.

*William A. Hebe,* with him *Spencer and Gleason,* for appellant.

*John R. Miller,* with him *Miller, Kistler, Campbell & Mitinger, Inc.,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., January 2, 1975

This is an appeal from a decision and order of the Court of Common Pleas of Centre County, dated May 9, 1973, which affirmed the action of the Superintendent of Bellefonte Area School District in giving teacher, Gladys C. Hosler, (Hosler) an unsatisfactory rating.

Hosler was employed during the school year 1969-1970 by Bellefonte Area School District as an art teacher with the status of "temporary employe." During the month of August, 1970, a vacancy in an art teaching position occurred in the School District. On August 19, 1970, Hosler wrote the Superintendent of Schools, Dr. Mauger, advising him that a friend of Hosler was "immediately available for a position in this area." The friend, Miss Merriam, was interviewed by Doctor Mauger and another administrator of the School District and was hired on September 1, 1970.

On September 22, 1970, Doctor Mauger learned through a newspaper article that Merriam had been hired by another school district late in August, 1970 and that she had failed to give that district the contractually required sixty (60) days notice of termination of her contract before she accepted employment with the Bellefonte School District.

On October 20, 1970, Hosler was given an unsatisfactory rating by Doctor Mauger in the areas of professional relationships and judgment. The basis for this unsatisfactory rating was Hosler's representation in her letter of recommendation to Doctor Mauger that Merriam was "immediately available" for employment, when it was within her knowledge that Merriam had signed a contract with another school district.

An action in equity was subsequently filed by Hosler against Bellefonte Area School District and Doctor Mauger[1] alleging that the unsatisfactory rating of October 20,

---

1. We feel that a discussion of the procedure in this case is necessary at this time. Hosler filed an action in equity when her proper form of action was in mandamus. *See Nicolella v. Trinity Area School District*, 444 Pa. 544, 281 A. 2d 832 (1971).

Although governed by equitable principles, mandamus is an action at law and School District should have raised Preliminary Objections alleging an adequate non-statutory remedy at law. Since this was not raised, the objection is waived. Pa. R.C.P. No. 1509.

1970 was given arbitrarily and capriciously, and asking that rating be removed from Hosler's personnel file.

A hearing was held on January 6, 1972, before the Honorable R. PAUL CAMPBELL of the Court of Common Pleas of Centre County, who after taking testimony and reviewing briefs, dismissed Hosler's Complaint. Timely exceptions were filed and later dismissed. A final Order, dated May 9, 1973, was entered. This Order has been appealed to this Court.

It should be noted that findings of fact made by the Chancellor in a court of equity when confirmed by the court en banc, will not be reversed on appeal if they are supported by adequate evidence. *Eways v. Reading Parking Authority*, 385 Pa. 592, 124 A. 2d 92 (1956).

The court below determined that the information given the Superintendent concerning the employment status of Merriam was "false and misleading" and that the Superintendent exercised his discretion in good faith and did not act arbitrarily and capriciously in giving the Appellant an unsatisfactory rating. We must disagree.

The essential factual issue involved here is whether the Appellant's statement in her letter of recommendation that Merriam was "immediately available" was "false and misleading." A review of the testimony reveals that the Appellant knew when she wrote the letter that Merriam had signed a contract with Philipsburg Osceola School District. In addition, Appellant testified she was aware of a 60 day notice provision before termination was a part of a temporary professional employe contract, and that Merriam had signed such a contract. Appellant also testified that (1) she had no knowledge of the legal effect of the 60 day notice provision; (2) that she stated Merriam was "immediately available" because she knew that Merriam was not going to work under any condition for the Philipsburg Osceola School District,[2]

---

2. Merriam sent her letter of resignation to Philipsburg before her interview with Doctor Mauger.

and (3) that she was prepared to teach in the Bellefonte School District the first day of school. From this the Chancellor determined that the information supplied was "false and misleading" and that the Superintendent had relied on these assertions.

The terms "false and misleading," as used in the context of Doctor Mauger's explanation for the unsatisfactory rating and in the lower court's opinion, indicate a belief that there was some degree of conscious deception on the part of the Appellant. We have reviewed the record thoroughly and we cannot find any evidence to support this position. Even though the Appellant had a similar contract and was aware of the 60 day notice provision, Appellant cannot be held to an understanding of the full legal ramifications of a breach of this provision. Nor does the familiarity of Appellant with a similar contract necessarily support a determination that Appellant misled Mauger. Although many inferences can and have been drawn, the present record fails to disclose adequate evidence to support the conclusion that Appellant's letter contained "false and misleading" information. Although other interpretations may be given to "immediately available," it cannot be overlooked that Merriam was at work the first day of school and so under a practical interpretation, she was "immediately available." Since the reason given for the unsatisfactory rating was "false and misleading" information, and we have held that there is not adequate evidence to support this determination, the unsatisfactory rating must be removed and accordingly we enter the following

ORDER

AND NOW, this 2nd day of January, 1975, the Order of the Court of Common Pleas of Centre County dated May 19, 1973, is reversed and the case is remanded with direction to remove the unsatisfactory rating from Hosler's personnel file.

DISSENTING OPINION BY JUDGE BLATT

I respectfully dissent.

The majority opinion notes the questionable nature of this action as being one in equity, but, even accepting arguendo that this is a proper form of action, I cannot agree that the proper conclusion has been reached.

Under all of the circumstances here, the information given by the appellant to the superintendent was not the whole truth as she knew it. Nor was it the whole truth as her position vis a vis the superintendent demanded that she tell it. While she may have chosen her words so as to be technically correct within the limits of her response, she must certainly have known enough of the legal obligations involved to realize that her answer was in essence misleading. When the superintendent discovered it to be so, it seems to me that he was clearly justified in entering his criticism as he did on her personnel record. And, when the court below heard and considered all of the evidence, it seems to me that the court was clearly justified in upholding the superintendent's action.

It is not within the province of this Court to reverse adequately supported findings of the court below, and I believe that the finding here was adequately supported by the evidence in the record.

JUDGE WILKINSON joins in this dissent.