John C. Pittenger, Secretary of Education, and Robert P. Kane, Attorney General, Plaintiffs *v.* Union Area School Board, Defendant.

Argued March 3, 1976, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate.

*William J. Atkinson,* Deputy Attorney General, with him *Howard M. Levinson,* Deputy Attorney General, *Vincent X. Yakowicz,* Solicitor General, and *Robert P. Kane,* Attorney General, for plaintiff.

*Walter A. Kieler,* for defendant.

*Anthony D. Newman,* for amicus curiae, Pennsylvania State Education Association.

*William Fearen,* with him *Cleckner and Fearen,* for amicus curiae, Pennsylvania School Boards Association.

OPINION BY JUDGE MENCER, May 11, 1976:

We are confronted here with the question of whether the Union Area School Board (Board) has the duty to modify its existing school calendar to reschedule 5 pupil-instruction days lost during a strike of school employees. Following argument on March 3, 1976, we entered an order on March 8, 1976, directing the Board to make such a modification to insure that 180 days of instruction for pupils will be provided before the end of the 1975-76 school year. This opinion is filed in support of that order.

The background facts of this action are not in dispute. On February 19, 1975, the Board adopted a school calendar for the school year 1975-76 which provided for classes to commence on September 3, 1975 and to terminate on June 10, 1976. This school calendar provided 180 days of instruction for pupils. A lawful strike by the professional employees of the Union Area School District closed the schools during the period of September 3, 1975 through September 10, 1975.[1]

By letter of September 30, 1975, plaintiff Pittenger's authorized agent, Frank S. Manchester, Commissioner

---

1. Although the strike encompassed 6 school days, it appears that the plaintiffs are only seeking to have 5 pupil-instruction days rescheduled. The explanation for this can perhaps be found in the testimony of Frank S. Manchester, Commissioner for Basic Education, who stated that "[w]here a good faith effort was made of [*sic*] the school district to open schools on that first day [of the strike] and where children had to be sent home, we did in fact give them credit for that one day, both for reimbursement and for the calendar. This was in fact an administrative decision."

for Basic Education, requested a letter of assurance from the Superintendent of the Union Area School District, Paul L. Rowland, Jr., that the school district would provide its pupils with 180 days of instruction for the 1975-76 school year. On October 15, 1975, Superintendent Rowland presented a modified school calendar to the members of the Board. This modified calendar provided for rescheduling the 5 days during which the school was closed because of the teachers' strike. On October 22, 1975, the Board voted unanimously to notify the Department of Education that it did not intend to change the school calendar adopted on February 19, 1975.

On November 14, 1975, the Secretary of Education and the Attorney General (plaintiffs) of the Commonwealth of Pennsylvania filed in this Court a complaint in mandamus against the Board seeking entry of a judgment and order requiring the Board to modify its calender for the school year 1975-76 so as to provide 180 days of instruction for pupils. The Board filed an answer to the complaint, and an evidentiary hearing was held on January 28, 1976. As stated at the outset of this opinion, our order of March 8, 1976, following arguments on March 3, 1976, granted the relief sought by the plaintiffs.

We must be mindful here that this is an action in mandamus. An action of mandamus lies to compel the performance of a ministerial act or mandatory duty. *Valley Forge Racing Association, Inc. v. State Horse Racing Commission*, 449 Pa. 292, 297 A. 2d 823 (1972). It is not available when the duty to be enforced is purely discretionary. *Hotel Casey Company v. Ross*, 343 Pa. 573, 23 A. 2d 737 (1942).

The primary requisites for an action of mandamus are that the plaintiff has a legal right to enforce which is specific, well-defined, and complete; a corresponding positive duty resting upon the defendant; and no other adequate,

specific, or appropriate remedy. *See Unger v. Hampton Township,* 437 Pa. 399, 263 A.2d 385 (1970). The remedy is strictly a legal one, but equitable principles largely govern its determination. *Hotel Casey Company v. Ross, supra.*

In this case, plaintiffs are constitutional officers, entrusted by Sections 904 and 1302 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §§294, 352, with the powers and duties to administer and enforce the school laws of this Commonwealth.[2] The Board has a positive duty to provide 180 days of instruction for the pupils attending the Union Area School District schools in accord with the provisions of Section 1501 of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §15-1501.[3] There is no other adequate, specific, or ap-

---

2.  Section 904 provides:

"The Department of Justice shall have the power, and its duty shall be, with the approval of the Governor:

"(a)   To investigate any violations, or alleged violations, of the laws of the Commonwealth which may come to its notice;

"(b)   To take such steps, and adopt such means, as may be reasonably necessary to enforce the laws of the Commonwealth."

Section 1302 provides, in pertinent part:

"The Department of [Education] shall have the power, and its duty shall be:

"(a)   To administer all of the laws of this Commonwealth with regard to the establishment, maintenance, and conduct of the public schools. . . ."

3.  Section 1501 reads:

"All public kindergartens, elementary and secondary schools shall be kept open each school year for at least one hundred eighty (180) days of instruction for pupils. No days on which the schools are closed shall be counted as days taught, and no time shall be counted as a pupil session for any activity to which admission is charged. Unless otherwise provided by this act, the board of school directors in any district or joint

propriate remedy available to the plaintiffs.[4]

The contention is made by the Board that Section 1006 of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.1006, providing that "[n]o public employe shall be entitled to pay or compensation from the public employer for the period engaged in any strike," is irreconcilable with Section 1501 of the School Code and therefore it would be unlawful for it to reschedule the 5 lost days. This contention is wholly without merit. The public employes, teachers here, will not be paid for strike days in September 1975 but for teaching 180 school days during the 1975-1976 school year as per the contract provisions agreed to by the Board and the teachers.

---

board may keep such other schools or departments as it may establish open during such time as it may direct.

"Twenty days of actual teaching shall constitute a school month."

The Board has not alleged that it sought the prior approval of the Secretary of Education to provide 990 hours of instruction nor that it was the Secretary's opinion that the Board was providing a meritorious educational program. Lacking both of these conditions precedent, the Board cannot avail itself of the 990-hour exception provided by Section 1504 of the School Code, 24 P.S. §15-1504, to the requirement of 180 days of pupil instruction of Section 1501.

4. The amicus curiae brief filed by the Pennsylvania School Boards Association suggests that Section 318 of the School Code, 24 P.S. §3-318, provides an adequate remedy to the necessary exclusion of mandamus. Section 318 provides for the removal of the board of school directors for refusing or neglecting to perform any duty imposed upon it by the provisions of the School Code relating to school districts. Here the plaintiffs are not seeking the removal of the Board but rather the rescheduling of days lost due to a strike of teachers and compliance with the 180 days of instruction requirement of Section 1501 of the School Code. We would note that this contention of the Pennsylvania School Boards Association accepts or is premised on the existing duty on the Board relative to Section 1501 requirements.

The Board argues that this case should be decided in its favor because of our holding in *Root v. Northern Cambria School District,* 10 Pa. Commonwealth Ct. 174, 309 A.2d 175 (1973). We would point out that *Root* was presented to us in the procedural posture of reviewing a lower court's refusal to issue decrees which would have required the Northern Cambria School Board to keep its schools open for instruction on certain specified dates, such relief being sought by the plaintiff in an equity action. We noted in the first paragraph of our opinion in *Root* that "[i]t [was] not entirely clear whether the court dismissed the complaints because it thought equity was without jurisdiction because mandamus was available as a remedy, or because it believed the record did not support its interference with the school board's actions in the premises." 10 Pa. Commonwealth Ct. at 176-77, 309 A.2d at 176. We chose to consider the matter on the merits and found no abuse of the lower court's discretion in denying the relief requested. Here we are presented with a complaint in mandamus where the primary issue is the duty of the defendant Board rather than the abuse of a lower court's discretion.

In addition, we stated in *Root* that "[i]f, in this case, a proper action had been brought when there were but seven days lost, the court might well have directed the board to revise its schedule to provide some or all of the lost instruction." 10 Pa. Commonwealth Ct. at 182, 309 A.2d at 179. Therefore, we are of the view that *Root* can be fairly distinguished from the instant case. However, to avoid any confusion over this issue of public importance, with its recurring nature, we wish to indicate that, if there is any inherent conflict between our holding in *Root* and today's decision, our holding here prevails and any inconsistent portions of *Root* are overruled.

We conclude that mandamus was the proper action to be invoked by the plaintiffs under the facts of this case. Further, we are satisfied that plaintiffs have established

the right to the relief which they sought here[5] and hence our order of March 8, 1976 which this opinion is intended to explain and support.

5. The Board's contention that the individual members of the Board should have been named defendants is without merit. *See* Pa. R.C.P. No. 1094(c); Section 1501 of the School Code. In *Elias v. Board of School Directors*, 421 Pa. 260, 218 A. 2d 738 (1966), it was held that an action of mandamus may be brought to enforce a statutory duty imposed upon a school board which is mandatory, in the absence of proper grounds for noncompliance with such statute. Here there are no grounds for noncompliance since the 5 lost days can be rescheduled within the current school year which ends on June 30, 1976.

CONCURRING OPINION BY JUDGE WILKINSON:

I concur in the result reached by the majority, but in doing so, I do not denigrate or minimize our decision in *Root v. North Cambria School District*, 10 Pa. Commonwealth Ct. 174, 309 A.2d 175 (1973). I continue to be of the opinion that it is within the discretion of the school board as to whether the school calendar should be altered to make up the days missed. However, in this instance, the Board has abused its discretion. In my opinion, under the facts presented here, the Board is under a clear duty[1] to modify the previously established calendar. In this regard, it is not only unnecessary to distinguish *Root*, much less overrule it, but, indeed, this decision is in entire accord.

1. In *Root*, the action was in equity to require rescheduling. There was doubt there as to whether the action should have been in mandamus. Here, the action is in mandamus and there could be doubt as to whether it should be in equity since, under normal circumstances, the action of the school board would be based on discretion. As in *Root*, the importance of the matter and its doubtful procedural stance dictates that we decide the case at once. Further, since, in my opinion, under these facts, the Board is under a clear duty, mandamus would appear to be appropriate.

As the majority opinion points out, Judge ROGERS, speaking for the majority in *Root,* expressly stated that there were circumstances under which a refusal to reschedule would be an abuse of discretion. In my opinion, these circumstances exist here. The rescheduling plan submitted in this case by the Superintendent of Schools, if adopted, would have permitted the five required days to be rescheduled within the time frame of the original schedule. This would have been accomplished by the use of three originally scheduled holidays and two local in-service days. Under such circumstances, the additional advantage of the additional days of in-class instruction far outweighs the inconvenience suffered by the students, teachers, administrators, parents, and the general public.

It seems to be assumed by some that to make up the days is done only because it benefits the teachers and their union. In my opinion, whether it is a benefit or a detriment to the teachers is only to be considered along with the benefit or detriment to the other groups involved. To some teachers, rescheduling might be of benefit and to others a burden. This case was not instituted by or on behalf of the teachers. My position would be the same whether, in this instance, the teachers opposed or approved the rescheduling.

Judges ROGERS and BLATT join in this concurring opinion.