Commonwealth ex rel. Rodney Anthony Lindsley, Jr., et al., Plaintiff *v.* William Robinson, Glenn R. Jeffes, Joseph M. Ryan, Gilbert A. Walters, Thomas J. Figmik, John R. Stepanik, John Matey, Walter Uranowski, Richard Kinder, James A. Taylor, Fred W. Jacobs, Hermann Tattlerm, Thomas J. Cole, Richard R. Manley, Charles T. McKeown, Robert Berkheiser, Bernard Brominski, Mr. Montacy, J., et al., Defendants.

Submitted on briefs, February 15, 1977, to President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Rodney A. Lindsley, Jr.*, petitioner, for himself.

*Glenn Gilman*, Deputy Attorney General, with him *J. Andrew Smyser*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for respondents.

OPINION BY PRESIDENT JUDGE BOWMAN, May 3, 1977:

To a petition for review in the nature of mandamus of petitioner pro se, Rodney Anthony Lindsley, Jr. (petitioner), the sixteen named respondents have filed preliminary objections: (1) in the nature of a demurrer; (2) raising the defense of pendency of a prior action, Pa. R.C.P. No. 1017(b)(5); and (3) challenging this Court's jurisdiction in mandamus.[1]

## I. DEMURRER

Respondents' preliminary objection in the nature of a demurrer admits as true all well and clearly

---

[1] A fourth preliminary objection averring that petitioner has adequate remedies at law is by definition merged into and indistinguishable from the question of this Court's jurisdiction in mandamus.

pleaded material and relevant factual averments and all inferences fairly deducible therefrom. *Yania v. Bigan,* 397 Pa. 316, 155 A.2d 343 (1959); *Mistick v. Cammack,* 397 Pa. 296, 154 A.2d 588 (1959); *Commonwealth v. Musser Forests, Inc.,* 394 Pa. 205, 146 A.2d 714 (1958); *Vance v. Kassab,* 15 Pa. Commonwealth Ct. 328, 325 A.2d 924 (1974). Conclusions of law and unjustified inferences are not so admitted. *Lerman v. Rudolph,* 413 Pa. 555, 198 A.2d 532 (1964). We thus consider whether petitioner has stated a cause of action which, if proved, would entitle him to the relief sought. *Yania v. Bigan, supra.* If upon such examination there remains doubt as to the propriety of dismissing the complaint, the demurrer shall not be granted. *Borden v. Baldwin,* 444 Pa. 577, 281 A.2d 892 (1971).

It is not necessary to belabor the lengthy and complicated factual averments of the petition to conclude that the demurrer is not well taken and must be dismissed.

Count II of the petition contains averments which, if supported by evidence, would indicate deliberate and systematic harassment by respondents of petitioner for, *inter alia,* petitioner's activities as a "jailhouse lawyer" and for actions brought by petitioner on his own behalf in Federal District Courts. *See Johnson v. Avery,* 393 U.S. 483 (1969).

Count III of the petition contains averments which, if proved, would indicate that petitioner has been given disciplinary misconducts without due process of law, *see e.g. Cruz v. Beto,* 405 U.S. 319 (1972) and *U.S. ex rel. Neal v. Wolfe,* 346 F. Supp. 569 (E.D. Pa. 1972), and Count IV contains averments to the effect, *inter alia,* that such misconducts caused a denial of parole.

Count VI contains averments which if substantiated would show harassment and punishment of peti-

tioner by respondents because of petitioner's adherence to the dictates of his religion. *See e.g. Cooper v. Pate,* 378 U.S. 546 (1964); *United States v. Kahane,* 396 F. Supp. 687 (E.D. N.Y. 1975).

As all of these counts state cognizable causes of action, respondents' preliminary objection in the nature of a demurrer must be dismissed.

## II. Lis Pendens

Respondents' second preliminary objection raising the defense of pendency of a prior action, Pa. R.C.P. No. 1017(b)(5), is apparently based upon averments in the petition indicating that petitioner has pending in Federal District Courts at least three actions related to the conditions of his confinement at the State Correctional Institution at Dallas and elsewhere.

To support this plea it was respondents' burden to show that in each case the same parties are involved, the same rights asserted and the same relief sought. *Hessenbruch v. Markle,* 194 Pa. 581, 45 A. 669 (1900); *Taylor v. Humble Oil and Refining Co.,* 225 Pa. Superior Ct. 177, 311 A.2d 324 (1973). Respondents, by asserting only that prior actions are pending, have failed to meet their burden and this preliminary objection is dismissed.

## III. Mandamus

Respondents' final preliminary objection goes to the jurisdiction of this Court in mandamus. In support thereof, respondents argue that their conduct which has been challenged falls entirely within the realm of discretionary judgments and beyond the reach of an action in mandamus, and that mandamus is not available to supervise prison administrative affairs, discipline, etc.

Even though it has been called a legal remedy, *Hosler v. Bellefonte Area School District,* 16 Pa.

Commonwealth Ct. 610, 330 A.2d 275 (1975), an action in mandamus is essentially an equitable proceeding requiring application of equitable considerations. *Pittenger v. Union Area School Board,* 24 Pa. Commonwealth Ct. 442, 356 A.2d 866 (1976). It lies to compel performance of a ministerial act or mandatory duty to which a petitioner has a specific, well-defined legal right. Conversely, there must be a corresponding specific, well-defined duty on the part of the respondent and petitioner must have no other adequate, specific or appropriate remedy at law. *Porter v. Bloomsburg State College,* 450 Pa. 375, 301 A.2d 621 (1973), *cert. denied,* 414 U.S. 844 (1974); *Francis v. Corleto,* 418 Pa. 417, 211 A.2d 503 (1965). A high prerogative writ representing an extraordinary remedy, it is not to be granted in doubtful cases, *Packler v. State Employees Retirement Board,* 15 Pa. Commonwealth Ct. 143, 325 A.2d 335 (1974), and it does not lie to compel performance of discretionary acts except where such exercise or non-exercise is arbitrary, fraudulent, or based upon a mistaken view of the law. *Commercial Properties, Inc. v. Peternel,* 418 Pa. 304, 211 A.2d 514 (1965); *South Whitehall Township v. Commonwealth,* 11 Pa. Commonwealth Ct. 558, 316 A.2d 104 (1974).

On the issue of whether petitioner has an adequate remedy at law, if respondents are referring to habeas corpus as such an adequate remedy we rely upon the holding of *Moore v. Roth,* 231 Pa. Superior Ct. 464, 331 A.2d 509 (1974), to the effect that habeas corpus is not available until all other remedies, including mandamus, have been exhausted. If, on the other hand, respondents are referring to 42 U.S.C. §1983, we would, nevertheless, be duty bound to retain jurisdiction as jurisdiction over a cause of action asserted under 42 U.S.C. §1983 is not vested exclusively in the Federal Courts, *see e.g. Brown v. Pitchess,* 119 Cal.

Rptr. 204, 531 P.2d 772 (1975); *Vason v. Carrano,* 330 A.2d 98 (Conn. Super. 1974); *Alberty v. Daniel,* 25 Ill. App. 3d 291, 323 N.E. 2d 110 (1974); *Holt v. City of Troy,* 78 Misc. 2d 9, 355 N.Y.S. 2d 94 (1974), and we shall not subject this pro se petition to all the technical rules of pleading and procedure. Until we are called upon to frame an ultimate decree in these proceedings, we need not reach this issue and expressly reserve decision until a more complete record is before us. *See* Pa. R.A.P. 1503.

Finally, we must address ourselves to the related issues of petitioner's "specific, well-defined" rights and respondents' corresponding duties. It is true that prison officials have wide latitude in administering prison affairs, but it is not so wide as to permit them to ignore rights guaranteed by the First and Fourteenth Amendments, *Cruz v. Beto, supra; Johnson v. Avery, supra; Cooper v. Pate, supra; Kauffman v. Johnston,* 454 F.2d 264 (3d Cir. 1972). Such rights include, *inter alia,* religious freedom, *see United States v. Kahana, supra;* due process before significant disciplinary action is taken, *Jackson v. Godwin,* 400 F.2d 529 (5th Cir. 1968); *U.S. ex rel. Neal v. Wolfe, supra,* and access to the courts in pursuit of post conviction relief, *Johnson v. Avery, supra.*

As the duty not to interfere with the exercise of such rights is one which a public officer must perform in a prescribed manner in accordance with the mandates of law, when confronted with a given factual matrix, such duty is clear and ministerial in the context of mandamus. *Rose Tree Media School District v. Department of Public Instruction,* 431 Pa. 233, 244 A.2d 754 (1968). If at this point in time such duties in the context of this case are not perfectly clear, the action will lie to compel their performance even if their very existence and scope must be established and defined by the action itself, *Uniroyal, Inc. v.*

*Coleman,* 15 Pa. Commonwealth Ct. 596, 328 A.2d 893 (1974), but any decree ultimately issued by this Court will exclude indefinite future duties on the part of respondents which would impose upon this Court supervisory responsibility. *Dombrowski v. Philadelphia,* 431 Pa. 199, 245 A.2d 238 (1968).

ORDER

Now, May 3, 1977, respondents' preliminary objections are overruled and respondents are directed to answer the petition for review within forty (40) days of the date hereof.