William Doll, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, August 5, 1977 to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt.

*William Doll*, petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

Opinion by President Judge Bowman, November 10, 1977:

Petitioner pro se, William Doll, was sentenced on September 26, 1974, to a term of three months to two

years.[1]  On August 6, 1975, he was released on parole. He was subsequently arrested on May 4, 1976, and a warrant charging technical parole violations was filed by respondent, Pennsylvania Board of Probation and Parole (Board), that same day.  A preliminary-detention hearing resulted in a Board order dated June 10, 1976, to detain petitioner pending disposition of the outstanding criminal charges and to return him, when available, as a technical parole violator.  Additional charges were lodged against petitioner on May 28, 1976, following the aforesaid hearing but prior to the Board's order.  A second hearing resulted in an order dated July 16, 1976, to reaffirm the June 10, 1976 order but to include therein the May 28, 1976 charges.

On August 19, 1976, when petitioner's original maximum sentence expired, the Board lifted its warrant and petitioner was released on bail.

On October 26, 1976, petitioner was convicted of the May 28, 1976 charges, sentenced to a term of twelve months and immediately released.  A Board warrant to commit and detain petitioner was filed on November 12, 1976.

On November 29, 1976, petitioner was convicted of the May 4, 1976 charges.  A parole revocation hearing on March 3, 1977, resulted in petitioner's recommitment as a convicted parole violator with back-time owed of one year and thirteen days.  Petitioner is currently serving a two and one-half to ten years sentence on the November 29, 1976 conviction with a parole detainer pending.  These are the facts as disclosed by the pleadings consisting of the petition for review in the nature of mandamus, respondent's answer thereto containing new matter and petitioner's

---

[1] Effective date—August 19, 1974.
   Minimum date—November 19, 1974.
   Maximum date—August 19, 1976.

reply to new matter, within the context of respondent's motion for summary judgment.

On the Board's motion for summary judgment, the sole issue before us is whether the Board may recompute the sentence of a convicted parole violator convicted of a crime committed while on parole but whose conviction postdates the expiration of the original sentence over which the Board had jurisdiction.

Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §331.21a (a), provides in pertinent part:

> (a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime ·punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere *at any time thereafter* in a court of record, may, at the discretion of the board, be recommitted as a parole violator. *If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole.* (Emphasis added.)

We have construed this section to mean that the Board retains jurisdiction to recompute the sentence of a convicted parole violator convicted for a crime committed while on parole after his original maximum sentence has expired. *Mitchell v. Board of Probation & Parole*, 18 Pa. Commonwealth Ct. 69, 335 A.2d 856 (1975); *Williams v. Board of Probation & Parole*, 3 Pa. Commonwealth Ct. 633 (1971).

In *Commonwealth ex rel. Hall v. Board of Probation and Parole*, 3 Pa. Commonwealth Ct. 435, 444 (1971), we said:

> [T]he Legislature . . . could not have contemplated or countenanced the absurd interpretation that a parolee could avoid recommitment as a convicted parole violator by the fortuitous or planned delay of his trial beyond the period of his original sentence.

The fact that the Board warrant was lifted on August 19, 1976, when petitioner's original maximum sentence expired but at which time his status was that of a technical parole violator, did not oust the Board of its jurisdiction to proceed under Section 21.1(a) of the Act upon petitioner's subsequent conviction.

ORDER

Now, November 10, 1977, the motion for summary judgment of the Pennsylvania Board of Probation and Parole is hereby granted and the above petition for review is dismissed.