Aaron Anderson, Petitioner *v.* Julius Cuyler, Superintendent, State Correctional Institution at Graterford, Respondent.

Submitted on briefs, January 6, 1978, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Vincent J. Ziccardi,* for petitioner.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondents.

Opinion by President Judge Bowman, May 16, 1978:

To the petition for writ of habeas corpus filed by Aaron Anderson (petitioner), treated by our Order of September 1, 1977, as a petition for review, the Superintendent of the State Correctional Institution at Graterford and the Pennsylvania Board of Probation and Parole (respondents) have filed preliminary objections in the nature of a demurrer. Thus, for the limited purpose of disposing of said preliminary objections, respondents admit as true all well and clearly pleaded material and relevant factual averments contained in the petition for review and all inferences fairly deducible therefrom. *Commonwealth ex rel. Lindsley v. Robinson*, 30 Pa. Commonwealth Ct. 96, 372 A.2d 1258 (1977).[1]

The salient facts as so admitted do not require lengthy recitation. Petitioner was sentenced to a term of one and one-half to three years with a maximum expiration date of June 9, 1976. On January 23, 1976, petitioner was arrested for a crime committed while he was on parolee status. A detainer was lodged by the Board. On June 9, 1976, upon expiration of the original sentence, said detainer was lifted. Petitioner was convicted and sentenced on December 14, 1976, to a new term of imprisonment on the charges relating to the January 23, 1976 arrest. On March 2, 1977, following a parole revocation hearing, petitioner was recommitted as a convicted parole violator and his original sentence was extended so as to deprive petitioner of credit for time on parole. Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended,* added by Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S.

---

[1] By Order dated October 3, 1977, said preliminary objections were ordered submitted on briefs without oral argument.

§331.21a(a); *Mitchell v. Board of Probation & Parole,* 18 Pa. Commonwealth Ct. 69, 335 A.2d 856 (1975).

Petitioner argues that on June 9, 1976, when the Board lifted its detainer, it made a decision not to recommit petitioner regardless of the disposition of the outstanding criminal charges and that it could not therefore recommit him as a convicted parole violator.

In *Commonwealth ex rel. Hall v. Board of Probation and Parole,* 3 Pa. Commonwealth Ct. 435, 443 (1971), we said:

> If the Board has a right to recommit [convicted parole violators] to serve the balances of their original sentences upon conviction of crimes committed while on parole subsequent to the termination of legal custody over their persons, *it has such right regardless of its prior administrative actions as to the lifting of a detainer* or the detention of the petitioners by other authorities. (Emphasis added.)

*See also Mitchell v. Board of Probation & Parole, supra.*

Therefore, it is irrelevant that the Board lifted its detainer, and it is equally irrelevant that petitioner was not convicted of the January 23, 1976 charges until after the expiration of his original maximum sentence. *Doll v. Pennsylvania Board of Probation and Parole,* 32 Pa. Commonwealth Ct. 340, 379 A.2d 892 (1977); *Pyatt v. Pennsylvania Board of Probation and Parole,* 30 Pa. Commonwealth Ct. 580, 374 A.2d 755 (1977); *Padgett v. Board of Probation and Parole,* 30 Pa. Commonwealth Ct. 221, 373 A.2d 467 (1977).[2]

---

[2] Petitioner's argument that the lifting of the detainer had a "probable" effect on the sentence imposed relative to the January 23, 1976 charges because a sentencing judge would be inclined to more or less severe punishment were he aware that the prisoner before him owed "back time," is without merit. Such a matter would

Respondents' preliminary objections will, therefore, be sustained.

ORDER

Now, May 16, 1978, respondents' preliminary objections are hereby sustained and the above petition for review is dismissed.

be properly raised at the time of sentencing or on appeal from the sentence. Had petitioner been of the view that informing the trial judge of his impending recommitment as a convicted parole violator would have resulted in more lenient treatment, he had an opportunity to do so when he was sentenced.