Mrs. Susan Grottenthaler, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

Argued September 13, 1978, before President Judge Bowman and Judges Crumlish, Jr., Mencer, Rogers, Blatt, DiSalle and Craig. Judges Wilkinson, Jr. and MacPhail, did not participate.

*Gary M. Lightman,* with him *Mancke & Lightman,* for petitioner.

*David H. Allshouse,* Deputy Attorney General, with him *Norman J. Watkins,* Deputy Attorney General, Chief, Civil Litigation, and *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE BOWMAN, January 26, 1979:

Petitioner has filed a petition for review invoking the original jurisdiction of this Court pursuant to Section 401 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, now Section 761 of the Judicial Code, 42 Pa. C.S. §761, and seeking relief in the nature of a writ of mandamus against the respondent, Pennsylvania State Police. She seeks to compel the expenditure of funds directed by the ''Gershenfeld'' arbitration award of December 27, 1973. Respondent through a preliminary objection alleges that the provisions of the State Employees' Retirement Code (Code), 71 Pa. C.S. §5101 et seq., render the award a nullity and bar the relief sought. The issue is, thus, the effect of the Code on the collective bargaining rights created by the Act of June 24, 1968, P.L. 237, 43 P.S. §217.1 et seq. (hereinafter referred to as Act 111).

Petitioner is the widow of Pennsylvania State Police Trooper David Lee Grottenthaler. Trooper Grottenthaler was stricken with leukemia in March, 1976 and died September 22, 1976. Petitioner seeks the non-service-connected disability benefits and death benefits conferred by collective bargaining agreements entered into by the Fraternal Order of Police (F.O.P.), the designated collective bargaining agent of the State Police, and the Commonwealth.

The benefits in issue were first created by an arbitration award, the Gershenfeld Award, dated Decem-

ber 27, 1973. The award was the product of binding arbitration conducted pursuant to Act 111. The provisions relevant to this case are:

14. *Non-service-connected Disability Benefits*

The Board of Arbitration awards a disability benefit of 70% of final average salary (as presently calculated for disability purposes) to officers who are totally and permanently disabled as the result of a non-service-connected disability. The disability must be one which disqualifies the officer from the performance of any gainful employment. Pension benefits for such officers shall be provided on the same basis as those granted officers in connection with total and permanent service-connected disability. Other non-service-connected disability is to continue to be compensated as at present. Commonwealth Arbitrator dissents.

15. *Survivor Benefits*

If an officer dies, and his death is non-service connected, his family shall receive benefits on the basis of 50% of final average salary (as presently calculated for disability purposes). Commonwealth Arbitrator dissents.

The caption of the award indicates that it is the product of contract arbitration for the year beginning July 1, 1974. In the section titled "Background," it is stated that "[a]ll items are effective July 1, 1974 and the term of this Award is for one year expiring June 30, 1975." Thus, the benefits in issue were originally conferred only for the year 1974-75. However, the terms of the award have been incorporated by reference in subsequent negotiated collective bargaining agreements. The legislature has chosen to fund these benefits only for the fiscal year 1976-77.

After the award was issued but before it became effective, the new State Employees' Retirement Code was enacted. The following two provisions of it are applicable here:

### Construction in Part

Pension rights of State employees shall be determined solely by this part or any amendment thereto, and no collective bargaining agreement between the Commonwealth and its employees shall be construed to change any of the provisions herein. The provisions of this part insofar as they are the same as those of the existing law are intended as a continuation of such laws and not as new enactments. The provisions of this part shall not affect any act done, liability incurred, right accrued or vested, or any suit or prosecution pending or to be instituted to enforce any right or penalty or to punish any offense under the authority of any repealed laws.

71 Pa. C.S. §5955.

and

The following acts are repealed in so far as inconsistent with the provisions of section 5955 ... [quoted above]:

Act of June 24, 1968 (P.L. 237, No. 111), entitled 'An act specifically authorizing collective bargaining between policemen and firemen and their public employers; providing for arbitration in order to settle disputes, and requiring compliance with collective bargaining agreements and findings of arbitrators.'[1]

---

[1] No Pennsylvania Consolidated Statutes section designation has been given to the language. It appears in the original act, Act of March 1, 1974, P.L. 125, following Section 5956 in a provision labeled "Section 2. Repeals.—(d)."

Both petitioner and respondent have given much attention to the validity of the award vis-a-vis the Code in the fiscal year 1974-75. Had petitioner's claim arisen in that time period, we would be required to decide whether December 27, 1973 or July 1, 1974, was the relevant date for assessing the impact of the Code effective March 1, 1974. However, the bases for awarding benefits to petitioner arose upon the incapacity and death of her spouse in 1976. At that time, the terms of the original arbitration award had expired, although they purportedly were continued by collective bargaining contracts negotiated in succeeding years. Unfortunately, from petitioner's viewpoint, as of March 1, 1974, disability and survivor benefits were no longer legal bargaining topics. The repealer provision of the Code cited above and the express language of Section 5955 clearly bar subsequent negotiation of the scope and amount of such benefits. Thus, although the Gershenfeld Award may have been effective for the year established by its terms, the Code prevents any subsequent renegotiation of the terms; the benefits as defined in the award expired of their own terms on June 30, 1975, and were succeeded by those granted by the Code.

The legislative appropriation funding the benefits for the fiscal year 1976-77 is irrelevant to the issue of the legality of the incorporation by reference of the terms of the Gershenfeld Award in subsequent agreements. Section 5955 removes from the bargaining table the option to augment the terms of the Code. Thus, an appropriation in and of itself is insufficient to revive the Gershenfeld Award.

In light of the impropriety of the inclusion of terms purporting to change the benefits conferred by the Code in F.O.P.-Commonwealth collective bargaining agreements since the contract year 1974-75, it would

be inappropriate for us to grant relief in the form of a writ of mandamus. Such a remedy is appropriate only to compel the performance of a ministerial act or mandatory duty by the respondent on behalf of a petitioner having a clear legal right to action and lacking any other means of obtaining adequate relief. *Pittenger v. Union Area School Board*, 24 Pa. Commonwealth Ct. 442, 356 A.2d 866 (1976). Therefore, we shall sustain the respondent's preliminary objection and shall dismiss the petition for review for failure to state a cause of action warranting relief in mandamus.

### ORDER

Now, January 26, 1979, the petition for review sounding in mandamus is dismissed for failure to state a cause of action for which the relief sought may be granted.

---

DISSENTING OPINION BY JUDGE CRAIG:

The majority opinion correctly states the broad issue as involving whether or not the State Employees' Retirement Code (Code), 71 Pa. C.S. §5101 et seq., bars the non-service-connected death benefit as of the 1976-77 fiscal year in which petitioner's decedent died.

I agree that the effect of the 1973 arbitration award, as mandating implementing legislation under the terms of Section 7 of the Act of June 24, 1968, P.L. 237 (Act 111), 43 P.S. §217.7, is not involved here because the arbitration award, as the majority opinion points out, was expressly limited to fiscal year 1974-75.

The claim before us is therefore necessarily based upon the collective bargaining agreement for the fiscal year in which death occurred, rather than upon the arbitration award itself.

Hence, the pivotal question here is: Where a death benefit for the state police has been promised by a collective bargaining agreement, to which the Commonwealth is a party, for the fiscal year in which death occurred, and the General Assembly has specifically funded that benefit by a specific appropriation for that same fiscal year, is such death benefit to be considered to be within the class of "pension rights" which the Code, in 71 Pa. C.S. §5955, has declared to be not within the lawful scope of collective bargaining agreements?

Admittedly, the key problem is that the Code contains no explicit definition of "pension rights." Yet, if we accept the definition proffered by counsel for the Commonwealth, a death benefit is not a "pension right" or "pension" because it is clearly not a "bounty for past services, designed to provide the recipient with his daily wants." *Firemen's Retirement Association of Washington v. Minehart,* 430 Pa. 66, 241 A. 2d 745 (1968).

Here the significance of the Supplemental Appropriation Act of 1976 (Act 55-A), Act of November 26, 1976, is that it is an unequivocal action of the legislature declaring that the specific death benefit sought here has been funded and is to be payable for the fiscal year 1976-77 in question.

We need only seek to construe both the appropriation act and the Code, if possible, to give effect to all their provisions, as the Statutory Construction Act, of 1972, 1 Pa. C.S. §1921(a) calls upon us to do. Thus, in order to give any effect to the appropriation act, we must deem this death benefit to be not within the class of "pension rights" which the Code removes from the sphere of collective bargaining agreements, at least for the period in question.

Thus, the Commonwealth's own collective bargaining agreement confers the right to the death benefit,

and relief by way of mandamus appears to be appropriate.

The Commonwealth should not be permitted to take away by one hand a right which the other hand has given.

I must therefore respectfully dissent from the dismissal of the petition for review.

Judge CRUMLISH, JR. joins in this dissent.