575 A.2d 982

**WHITEHALL–COPLAY AMBULANCE AND RESCUE CORPS, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, SECRETARY, DEPARTMENT OF HEALTH, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 5, 1990.

Decided June 14, 1990.

Kevin K. Kercher, Black, McCarthy, Usher, Eidelman and Feinberg, Allentown, for petitioner.

Darius G.C. Moss, Asst. Counsel, with him, David A. Kappel, Asst. Counsel, for respondent.

Before COLINS, PALLADINO and McGINLEY, JJ.

PALLADINO, Judge.

Whitehall–Coplay Ambulance and Rescue Corps (Whitehall) appeals from an order of the Secretary of the Department of Health (Secretary) denying Whitehall's application to establish an advanced life support (ALS) service. We affirm.

On February 17, 1988, Whitehall submitted an application to the Eastern Pennsylvania Emergency Medical Services Council (Council) seeking designation as an ALS provider pursuant to the Emergency Medical Services Act (Act), Act of July 3, 1985, P.L. 164, *as amended*, 35 P.S. §§ 6921–6937.[1] The application was before the Council from March 23, 1988 through July 13, 1988, when the Council voted to deny the application.

Whitehall filed a petition for review with the Department, which informed Whitehall that the Secretary would review the application de novo. Whitehall waived additional hearings and submitted the matter to the Secretary on the record developed before the Council and a stipulation of facts. The parties were given an opportunity to submit briefs in support of their positions. After reviewing the

1. Under the Act, the Department of Health (Department) is the lead agency for planning and developing emergency medical services in the commonwealth. To assist the Secretary in performing this function, the legislature created a number of emergency medical services councils whose functions are to plan, develop, maintain, expand and improve emergency medical services within a specific geographic area of the commonwealth. Each council develops a plan for emergency medical services and acts on behalf of the Secretary as the initial body to review an application to provide emergency medical services.

record, the Secretary determined that the application was not consistent with the existing ALS plan for the area, and accepted the recommendation of the Council, denying Whitehall's application for ALS designation.

Whitehall raises three issues on appeal: (1) whether the Secretary's decision is supported by substantial evidence; (2) whether the Act is an invalid and unconstitutional delegation of power to the Department in conflict with the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11201; and (3) whether the hearing and review process before the Council denied Whitehall its constitutional rights of due process and equal protection.

The Secretary alleges that several of the above issues cannot be considered by this court because they were not raised below. Accordingly, before we address the merits of these issues, we must determine which ones have been preserved for our review. A review of the record clearly shows that the first issue, a substantial evidence question has been preserved for our review. The question of the invalidity of the act as being in conflict with the MPC, while not raised below, may be raised upon appeal. Pa.R.A.P. 1551(a)(1).

The due process and equal protection claims, while raised in the petition before the Secretary, relate to alleged procedural defects in the Council's review of the application. The Secretary's de novo review eliminates any procedural errors which occurred before the Council, and there is no need to address this issue.

■ On the question of the validity of the Act, Whitehall argues that the Act is an unconstitutional delegation of power to the Department which conflicts with the broad grant of power contained in the MPC and home rule charters drafted thereunder. Whitehall cites to Article 9, § 2 of the Pennsylvania Constitution which states in part that a "municipality which has a home rule charter may exercise any power or perform any function not denied by this

Constitution, by its home rule charter or by the General Assembly at any time." However, it is clear from reading the Act that it was the intent of the General Assembly to remove the power to establish emergency medical services from the local governments and place such power in the Department to develop a unified statewide system. Accordingly, there is no unconstitutional delegation of power.

The remaining issue which we will address is whether the denial of ALS status is supported by substantial evidence. Because the Act contains no scope of review and this court has not previously addressed it, this case requires us to establish the scope of review for the denial of an application for designation as an ALS or basic life support provider. The general scope of review for administrative agency determinations is set forth in Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, which provides in relevant part that:

> After hearing, the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter A of Chapter 5 (relating to practice and procedure of Commonwealth agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence.

In *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987) this court questioned the applicability of the substantial evidence test when the party with the burden of proof is the only party to present evidence and does not prevail before the agency. In *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988), after reviewing *Kirkwood*, we concluded that when this court reviews administrative adjudications where the burdened party is the only party to present evidence and does not prevail before the agency, we will only determine if the agency erred as a

matter of law or capriciously disregarded competent evidence.

■ In the present case, Whitehall was the only party to present evidence, in the form of an application for designation as an ALS provider. The legislature, in requiring the licensing of such providers, clearly has placed the burden of proof upon the applicant to show that it can provide the required service and that the proposed service meets the criteria of the state and local plans promulgated pursuant to the act. Accordingly, we conclude that the scope of review set forth in *Russell* is applicable to the case presently before us.

The crux of Whitehall's argument is that the Secretary relied upon uncorroborated hearsay, misapplied facts and figures supplied by Whitehall and failed to permit Whitehall an opportunity to rebut incorrect or misleading evidence. The Secretary found that Whitehall's application failed to meet the regional plan. Whitehall knew of the applicable standards and the data supporting these standards. It had ample opportunity to challenge the standards during the review process, but failed to make any such challenge.

Furthermore, it did not supply any evidence to support the statistics upon which the application was based, particularly when these statistics varied greatly from those contained in the applicable plan. It was Whitehall's choice to forego any further hearings and presentation of evidence. Having made this conscious choice, it cannot now complain that it was not given an opportunity to present additional evidence. The Secretary did not capriciously disregard competent evidence by not accepting Whitehall's statistical data. Without any supporting data, there was no evidence to show that the application met the standards contained in the plan. Accordingly, we affirm the decision of the Secretary.

CRUMLISH, Jr., former President Judge, did not participate in the decision in this case.

## ORDER

AND NOW, June 14, 1990, the order of the Secretary of Health in the above-captioned matter is affirmed.