**COMMUNITY LIFE SUPPORT SYSTEMS, INC., Timothy Rowland and Stan Striefsky, Petitioners**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF HEALTH, Emergency Medical Services of Northeastern Pennsylvania, Lackawanna County, and Gerard T. Gaughan, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 1996.

Decided Feb. 21, 1997.

Mark J. Conway, Scranton, for petitioners.

Kenneth E. Brody, Assistant Counsel, Harrisburg, for respondent, Department of Health.

Before FRIEDMAN and FLAHERTY, JJ.,and LORD, Senior Judge.

FRIEDMAN, Judge.

The Commonwealth of Pennsylvania, Department of Health (Department) has filed a Motion to Quash the Petition for Review filed by Community Life Support Systems, Inc. (Community Life) and Timothy Rowland (collectively, Petitioners) against the Department, Emergency Medical Services of Northeastern Pennsylvania (EMSNP), Lackawanna County (County) and Gerard T. Gaughan. The Department has also filed two preliminary objections to the petition, one in the nature of a demurrer and one alleging a lack of standing.

The current controversy stems from a dispute over the Department's role in regulating emergency medical services throughout the Commonwealth under the Emergency Medical Services Act (Act 45), Act of July 3, 1985, P.L. 164, *as amended,* 35 P.S. §§ 6921–6938.[1] Community Life is a non-profit corporation which provides Advanced Life Support (ALS) services in the County;[2] Rowland is em-

---

1. The Department is charged with the implementation and enforcement of Act 45. Section 3 of Act 45, 35 P.S. § 6923, defines "emergency medical services" as follows:

   The services utilized in responding to the needs of an individual for immediate medical care in order to prevent loss of life or aggravation of physiological or psychological illness or injury.

   EMSNP, in turn, is an "Emergency Medical Services Council" established pursuant to Act 45. Section 3 of Act 45 defines "emergency medical services council" as follows:

   A nonprofit incorporated entity or appropriate equivalent whose function is to plan, develop, maintain, expand and improve emergency medical services systems within a specific geographical area of this Commonwealth and which is deemed by the department as being representative of the health professions and major private and public and voluntary agencies, organizations and institutions concerned with providing emergency medical services.

2. The County's Department of Emergency Services oversees the County Communications Center, whose function it is to receive calls from County residents reporting various incidents that require emergency assistance, including requests for ALS service. Gaughan, as Director of the Department of Emergency Services, supervises

ployed by Community Life as a paramedic. (Petition, paras.4–5.)

On June 18, 1996, Petitioners filed their petition in both this court's original and appellate jurisdiction, alleging that: (1) Gaughan and the County have a policy of dispatching the closest ALS service provider to the scene of an accident, (Petition, para. 63); (2) Donahue ALS Service (Donahue), a "for profit" company, has a practice of placing ALS stations near existing ALS service providers, but in locations that are closer to populated areas, (Petition, para. 61); (3) Donahue has benefited from the County's dispatching protocol, (Petition, para. 62); (4) because Donahue's presence caused a reduction in call volume for a competing ALS service provider, that provider was put out of business, (Petition, paras. 64); (5) subsequently, certain municipalities have passed resolutions naming Community Life as their primary ALS service provider, (Petition, para. 77); (6) the County did not honor the municipal resolutions, (Petition, para. 83); (7) further decreases in call volume will force Community Life out of business, (Petition, para. 90); (8) because Donahue is driven by profits, Donahue will not provide ALS service to unprofitable areas, and, where Donahue provides such services, they will be expensive, (Petition, para. 94); and (9) because the County's dispatching policy encourages

competition among ALS service providers, the stability, efficiency and safety of emergency medical services delivery is threatened in the County, (Petition, para. 52).

Having set forth these averments, Petitioners contend that the Department has a duty under Act 45 to regulate the manner and means of dispatching ALS service within a region and to establish a system for the allocation of coverage areas where there are existing ALS service providers and new market entrants. (Petition, para. 46.) Petitioners maintain that the Department has abdicated this responsibility by permitting the County Communications Center to coordinate the delivery of ALS service in the County. (Petition, para. 47.) Thus, Petitioners request declaratory, mandamus and injunctive relief.[3] In response, the Department has filed its Motion to Quash and preliminary objections.

## I. Motion to Quash

■ The Department's Motion to Quash challenges that portion of the petition which invokes this court's appellate jurisdiction under 42 Pa.C.S. § 763(a)(1).[4] The Department contends that, because the petition does not identify a final order or an adjudication by the Department in this matter, we must quash the petition to the extent that it seeks

---

the telephone dispatchers in the communications center. (Petition, paras. 19, 22.)

Section 3 of Act 45 defines "advanced life support" as follows:
> The advanced prehospital and interhospital emergency medical care of serious illness or injury by appropriately trained health professionals and by certified EMT-paramedics.

**3.** Specifically, Petitioners request an order:
> (1) enjoining [Respondents] . . . from unilaterally altering the emergency medical services system in Lackawanna County in violation of . . . [Act 45], the Public Safety Emergency Telephone Act ("Act 78") [Act of July 9, 1990, P.L. 340, *as amended*, 35 P.S. §§ 7011–7021], the Sunshine Act [Act of July 3, 1986, P.L. 388, *as amended*, 65 P.S. §§ 271–286], and the Administrative Agency Law [2 Pa.C.S. §§ 501–508, 701–704];
> (2) requiring all Respondents to comply with the Right to Know Law [Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §§ 66.1–66.4];
> (3) declaring that Respondents' actions . . . violate Act 45, Act 78, the Sunshine Act, the

Administrative Agency Law, and are thus void; and
> (4) compelling the [Department] to comply with its statutorily-mandated duties to regulate the coordination and delivery of emergency medical services throughout the Commonwealth of Pennsylvania, including Lackawanna County.

(Petition, para. 1.)

**4.** Section 763(a)(1) of the Judicial Code provides that this court shall have exclusive jurisdiction of appeals from final orders of government agencies in the following cases:
> (1) All appeals from Commonwealth agencies under Subchapter A of Chapter 7 of Title 2 (relating to judicial review of Commonwealth agency action) or otherwise and including appeals from the Environmental Hearing Board, the Pennsylvania Public Utility Commission, the Unemployment Compensation Board of Review and from any other Commonwealth agency having Statewide jurisdiction.

42 Pa.C.S. § 763(a)(1).

to invoke our appellate jurisdiction. We agree and, therefore, grant the Department's Motion to Quash.

## II. Demurrer

■ The Department's demurrer alleges that Petitioners have failed to state a cause of action upon which relief may be granted.[5] The Department asserts that Act 45 does not require the Department to regulate the dispatching of ALS service or the allocation of calls between competing ALS service providers; thus, "[t]here is no basis in law for the Petitioners to secure the relief they seek from the Department." (Department's brief at 4.) We agree.[6]

Mandamus is an extraordinary writ of common law, designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant and want of any other adequate and appropriate remedy. *Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied*, 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981). Where the action sought to be compelled is discretionary, mandamus will not lie to compel that discretionary act except where such exercise is arbitrary, fraudulent or based upon a mistaken view of the law. *County of Allegheny v. Commonwealth*, 507 Pa. 360, 490 A.2d 402 (1985); *Commonwealth*

*ex rel. Lindsley v. Robinson*, 30 Pa.Cmwlth. 96, 372 A.2d 1258 (1977).

Under section 17.1 of Act 45, added by section 4 of the Act of October 5, 1994, P.L. 557, 35 P.S. § 6937.1 (emphasis added), the Department, "in consultation with the State Advisory Council,[ 7] *may* promulgate rules and regulations *as may be necessary* to carry out the provisions of [Act 45]." Thus, Act 45 does *not* mandate that the Department regulate every conceivable aspect of emergency medical services; rather, Act 45 gives the Department discretion to promulgate regulations "as may be necessary." [8]

Despite this fact, Petitioners contend that other provisions of Act 45 set forth an implied mandate that the Department regulate the dispatching of ALS service providers and the allocation of coverage areas for competing ALS service providers. First, Petitioners rely upon section 5 of Act 45, 35 P.S. § 6925 (emphasis added), which requires that the Department:

plan, guide, assist and coordinate the development of areawide emergency medical services systems into a *unified Statewide system* and to coordinate the system with similar systems in neighboring states.

However, we do not believe that, by requiring the development of a "unified Statewide system," the legislature intended that the Department establish which ALS service providers throughout the state will be dispatched in response to particular calls.

---

5. This court may sustain preliminary objections in the nature of a demurrer only in cases which are free and clear of doubt and where dismissal is clearly warranted by the record. *Pennsylvania Institutional Health Services, Inc. v. Department of Corrections*, 158 Pa.Cmwlth. 221, 631 A.2d 767 (1993), *aff'd*, 536 Pa. 544, 640 A.2d 413 (1994). Any doubt must be resolved in favor of overruling a demurrer. *Hawks by Hawks v. Livermore*, 157 Pa.Cmwlth. 243, 629 A.2d 270 (1993).

6. We note that Petitioners allege no facts relating to the Department which, if accepted as true, would establish the Department's violation of the Right to Know Law, the Sunshine Act, Act 78 or the Administrative Agency Law. Moreover, because Petitioners' request for declaratory and injunctive relief is based upon the assumption that the Department has a statutory duty to regulate local dispatching protocols and to designate coverage areas for competing ALS service pro-

viders, we will focus on Petitioners' mandamus action and the Department's duties under Act 45.

7. According to section 7 of Act 45, 35 P.S. § 6927, the State Advisory Council is the Board of Directors of the Pennsylvania Emergency Health Services Council and is composed of volunteer, professional and paraprofessional organizations involved in emergency medical services. The council is geographically representative of provider organizations which represent emergency medical technicians, EMT-paramedics, registered nurses, firefighters, emergency medical services councils, physicians, hospital administrators and other health care providers concerned with emergency medical services.

8. Moreover, it is clear that the Department may *not* promulgate regulations without consulting the State Advisory Council, which is not a party to this action. *See* Section 7 of Act 45, 35 P.S. § 6927.

Moreover, we do not believe that this provision of Act 45 requires that, once an ALS service provider is part of the "unified Statewide system," that provider is guaranteed a pro rata share of calls for ALS service.

Petitioners also rely upon section 4(3) of Act 45, 35 P.S. § 6924(3) (emphasis added), which requires that the Secretary of the Department plan, guide and coordinate programs to ensure that the Commonwealth's emergency medical services system shall:

(3) Join personnel, facilities and equipment, coordinated by a central communication system, so that requests for emergency medical services will be handled by communications facilities which:

(i) utilize emergency medical telecommunications *screening to determine the appropriate emergency service response;*

. . . .

(iii) will have *direct communications* with the personnel, facilities and equipment of this system and with other appropriate emergency medical services systems.

However, this section simply requires that: (1) every emergency medical services request be screened to determine the appropriate emergency service response, whether it be "basic life support service" or "advanced life support service;"[9] and (2) communications facilities have direct communication with appropriate components of the system. The section does *not* suggest that the Department must *designate* which ALS service provider is "appropriate" for dispatch in a given situation.

Petitioners next refer to section 4(5) of Act 45, 35 P.S. § 6924(5) (emphasis added), which provides that the Commonwealth's emergency medical services system shall:

(5) Include an adequate number of easily accessible *facilities* which:

(i) are collectively capable of providing emergency medical services on a continuous basis;

(ii) have appropriate nonduplicative and categorized capabilities;

(iii) meet appropriate standards relating to capacity, location, personnel and equipment; and

(iv) are coordinated with other health care facilities of the system.

However, under section 3 of Act 45, a "facility" is a hospital. Thus, this provision does not even apply to ALS service; indeed, under section 3 of Act 45, ALS is *prehospital or interhospital* emergency medical care.

Petitioners also argue that the Department's duty arises out of section 4(8) of Act 45, 35 P.S. § 6924(8) (emphasis added), which provides that the Commonwealth's emergency medical services system shall:

(8) Provide for the *effective utilization of the appropriate personnel, facilities and equipment of each entity* providing emergency medical services in the system's service area.

While this provision requires the effective utilization of appropriate personnel, appropriate facilities and appropriate equipment of each entity, it does *not* require the utilization of *particular* entities within an area. In other words, this section does *not* imply that the Department must ensure that *certain* ALS services providers are fully utilized; rather, it merely requires that the Department ensure that *appropriate* ALS service providers are fully utilized.

Finally, Petitioners maintain that the Department has a statutory duty to regulate county dispatching systems and coverage areas for ALS service providers under section 4(10) of Act 45, 35 P.S. § 6924(10), which provides that the Commonwealth's emergency medical services system shall:

(10) Provide necessary emergency medical services to all patients requiring the services.

However, Petitioners allege no facts to suggest that, in dispatching Donahue to the scene of an accident, the County is not pro-

---

**9.** Section 3 of Act 45 defines "basic life support services" as follows:

The prehospital or interhospital emergency medical care and management of illness or

injury performed by specially trained and certified or licensed personnel.

viding necessary ALS service to patients within the area.

Accordingly, we sustain the Department's preliminary objection in the nature of a demurrer.[10]

### ORDER

AND NOW, this 21st day of February, 1997, the Motion to Quash filed by the Commonwealth of Pennsylvania, Department of Health (Department), is granted. In addition, we sustain the Department's preliminary objection in the nature of a demurrer. Inasmuch as the Department is no longer a party to this action, we further order that this case be transferred under Pa.R.A.P. 751 to Lackawanna County Court of Common Pleas for further disposition.

---

**10.** Because we sustain the Department's demurrer, we need not address the Department's objection to Petitioners' standing.

We also note that our result here is not inconsistent with this court's holding in *Whitehall–Coplay Ambulance and Rescue Corps. v. Department of Health,* 133 Pa.Cmwlth. 473, 575 A.2d 982 (1990). In *Whitehall–Coplay,* this court held that Act 45 gives the Department exclusive power to license ALS service providers. We did *not* hold that Act 45 also required the Department to regulate dispatching protocols for ALS service providers.