## Albert J. Mitchell, Plaintiff, *v.* Board of Probation & Parole, Defendant.

Argued February 7, 1975, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Albert J. Mitchell,* plaintiff, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Benjamin Lerner,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendant.

OPINION BY JUDGE KRAMER, March 20, 1975:

This case involves a complaint in mandamus filed by Albert J. Mitchell (Mitchell) which questions the statutory power and authority of the Board of Probation and Parole (Board) to extend the expiration date of a court-imposed maximum sentence of an individual, who, while on parole, committed a crime for which he was not convicted until after the expiration date of the court-imposed maximum sentence. Mitchell filed his complaint in the Court of Common Pleas of Schuylkill County on September 25, 1974. On September 30, 1974 the court ruled that jurisdiction over the action was with this Court and, therefore, ordered the complaint transferred to this Court.

Mitchell's complaint alleges that after serving two years of a two to four year sentence at the State Correctional Institution at Dallas, Pennsylvania, he was released on parole. While on parole he was arrested on a new criminal charge to which he eventually pled guilty. However, Mitchell's guilty plea took place after the expiration date of his original sentence and after his period of parole had expired. Following Mitchell's conviction the Board recommitted him as a convicted parole viola-

tor and extended the expiration date on the sentence for which he was originally on parole. Mitchell now contends that the Board had no legal authority to extend his sentence and that said extension constitutes double jeopardy.

On November 12, 1974 the Board filed preliminary objections to Mitchell's complaint, alleging that it "fails to state a cause of action upon which relief could be granted." We must sustain these preliminary objections. The statutory authority of the Board to recommit a convicted parole violator such as Mitchell is clear on its face. *See* section 21.1 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.21(a). Furthermore, this Court has previously considered and rejected all of the arguments raised by Mitchell in his complaint. *See Williams v. Board of Probation and Parole,* 3 Pa. Commonwealth Ct. 633 (1971) and *Commonwealth ex rel. Hall v. Board of Probation and Parole, Commonwealth ex rel. Blair v. Board of Probation and Parole,* 3 Pa. Commonwealth Ct. 435 (1971).

Therefore, we sustain the preliminary objections filed by the Board and dismiss Mitchell's complaint.