Robert Lee Choice, Plaintiff *v.* Pennsylvania Board of Probation and Parole, Defendant.

Submitted on briefs, March 3, 1976, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Robert Lee Choice,* plaintiff, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for defendant.

OPINION BY PRESIDENT JUDGE BOWMAN, May 11, 1976:
This case poses the question of whether the Pennsylvania Board of Probation and Parole (defendant) may lawfully and constitutionally extend the maximum sentence of a parolee who committed a crime while on parole, but was not convicted until after the expiration of the court-imposed maximum sentence. We hold that it can.

Robert Lee Choice (plaintiff) instituted his action by a complaint in mandamus filed with the Supreme Court of Pennsylvania. Defendant raised preliminary objections to the Supreme Court's jurisdiction and a demurrer. The Supreme Court by Order dated November 24, 1975, transferred the matter to this Court, and it is now before us on defendant's demurrer.

Plaintiff alleges his release from the Rockview State Correctional Institution on October 10, 1970, after serv-

ing one year, two months of a one to five year sentence. On August 25, 1974, plaintiff was arrested (while still on parole) on new criminal charges, and defendant lodged a detainer against him pending the outcome of the new criminal charges. This detainer was lifted on December 13, 1974, the date of the expiration of his original maximum sentence. Shortly therafter, on January 14, 1975, plaintiff was convicted on the new criminal charges, and defendant lodged another detainer against plaintiff. After hearing, plaintiff was recommitted as a parole violator, and the maximum term of his original sentence was extended.

This complaint followed questioning defendant's "jurisdiction" to extend plaintiff's sentence after expiration of the original sentence; the complaint averred that such action subjected plaintiff to double jeopardy in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

In addition, plaintiff raised the argument that since the detainer had been lifted, defendant could not properly lodge another detainer against him subsequent to conviction. Although the precise legal significance of this assertion is unclear, we will deal with this point later in this opinion.

We here sustain defendant's perliminary objections as mandated by our decision in *Mitchell v. Board of Probation & Parole*, 18 Pa. Commonwealth Ct. 69, 335 A.2d 856 (1975). There we held that Section 21.1 of the Act of August 6, 1941, P. L. 861, *as amended*, 61 P. S. §331.21a, on its face gives defendant the authority to recommit a parolee who perpetrated another crime while on parole, although the actual conviction for such crime did not occur until after the expiration date of the original sentence.

In an earlier case with a similar holding, we expressed the sound policy which supports our view of the defendant's power to act as it did.

"The brief submitted by the Board points out that if any other interpretation were given . . . prisoners would be encouraged to seek indefinite postponement of their trials for crimes committed during parole so as to avoid serving the balance of original sentences as convicted parole violators. We conclude that the Legislature in amending the parole provisions in 1941 could not have contemplated or countenanced the absurd interpretation that a parolee could avoid recommitment as a convicted parole violator by the fortuitous or planned delay of his trial beyond the period of his original sentence." *Commonwealth ex rel. Hall v. Board of Probation and Parole*, 3 Pa. Commonwealth Ct. 435, 444 (1971).

Although *Mitchell* does not specifically discuss the double jeopardy argument, it alludes to *Williams v. Board of Probation and Parole*, 3 Pa. Commonwealth Ct. 633 (1971), in which we specifically rejected contentions that defendant's recommittal of a convicted parole violator, such as plaintiff, does violence to the constitutional prohibitions against double jeopardy.[1]

As to the effect of the lifting of the detainer and the subsequent relodging of said detainer, we rely on *Hall, supra,* in which we found such action to be ir-

---

1. In *United States ex rel. Heacock v. Myers*, 251 F. Supp. 773 (E.D. Pa.), *aff'd*, 367 F.2d 583 (3rd Cir. 1966), *cert. denied*, 386 U. S. 925 (1967), the court did not *specifically* and *separately* discuss the double jeopardy argument, however, it clearly considered and rejected such argument along with other constitutional challenges to the action of the parole board virtually identical to that in the present case in all relevant factual circumstances. The court observed that as a matter of constitutional law, a state is not precluded from giving paroled convicts inducement to "go straight" by retaining the ability to recommit them for crimes committed while on parole. 251 F. Supp. at 774. *See Hall, supra,* in which this Court generally upheld the Board's recommittal of a parole violator in this type of case.

relevant to the defendant's power to recommit a convicted parole violator.

> "If the Board has a right to recommit Hall and Blair to serve the balances of their original sentences upon conviction of crimes committed while on parole subsequent to the termination of legal custody over their persons, *it has such right regardless of its prior administrative actions as to the lifting of a detainer* or the detention of the petitioners by other authorities." *Hall, supra,* 3 Pa. Commonwealth Ct. at 443. (Emphasis added.)

In conclusion, we find that defendant's action in this case was both statutorily and constitutionally permissible.

Therefore, we enter the following

### ORDER

Now, May 11 1976, the preliminary objections of the defendant are sustained and the complaint of Robert Lee Choice is dismissed.