Richard A. Pyatt, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, March 14, 1977, to President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Richard A. Pyatt,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Rogers, June 17, 1977:

Richard A. Pyatt has filed a petition for review in the nature of mandamus asking us to review the action of the Pennsylvania Board of Probation and Parole revoking his parole. Both the petitioner and the Board have filed motions for summary judgment. We grant the Board's motion.

On August 11, 1969, Pyatt was sentenced in the Court of Common Pleas of Monroe County to a term of imprisonment from 3 years and 6 months to 7 years for the offense of burglary, with an effective date of January 30, 1969 and a maximum date of January 30, 1976. He was paroled on July 30, 1972. On May 7, 1975, while still on parole, he was arrested by Monroe County authorities on a charge of recklessly endangering another person, a misdemeanor of the second degree. On July 16, 1975, petitioner was arrested on charges of technical parole violations. After a hearing conducted by a representative of the Board addressed both to the charges of technical parole violations and the new criminal charges, Pyatt was released and continued on parole under close supervision pending disposition of the outstanding charges.

On April 9, 1976, a Monroe County jury found Pyatt guilty of recklessly endangering another person and he was later sentenced to a term of imprisonment of from 3 months to 6 months, effective June 11, 1976. Petitioner was arrested on a parole board warrant on May 19, 1976, a date two days after the Board became aware of the new criminal conviction. The Board scheduled a revocation hearing on the basis of new conviction for June 2, 1976; the hearing was continued at the request of petitioner's counsel; and it was finally conducted on June 15, 1976. On June 30, 1976, the Board took action to recommit the petitioner on the original sentence as a convicted parole violator when he was available.

Pyatt first says that because his new conviction was of a misdemeanor, and not a felony, the Board had no authority to recommit him as a convicted parole violator. Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.21a(a), provides that a parolee may be recommitted on his original sentence if he "commits [and is convicted of] any

crime punishable by imprisonment. . . ." The Crimes Code, 18 Pa. C.S. §2705, provides that the crime of recklessly endangering another person is a misdemeanor of the second degree. Misdemeanors of the second degree are punishable by terms of imprisonment as long as 2 years. 18 Pa. C.S. §1104.

The petitioner next says that the Board was without authority to revoke his parole as a convicted parole violator and to recommit him on the original sentence after January 30, 1976, the maximum date of his original sentence. While petitioner's conviction of the new offense did not occur until after January 30, 1976, he committed the crime on or before May 7, 1975 while he was on parole. We have repeatedly held that the Board may recommit and recompute the sentence of a parolee who commits a crime while on parole although he is not convicted and his parole not revoked, until after the maximum date of the original sentence.[1] *Kuykendall v. Pennsylvania Board of Probation and Parole*, 26 Pa. Commonwealth Ct. 234, 363 A.2d 866 (1976); *Choice v. Pennsylvania Board of Probation and Parole*, 24 Pa. Commonwealth Ct. 438, 357 A.2d 242 (1976); *Mitchell v. Pennsylvania Board of Probation and Parole*, 18 Pa. Commonwealth Ct. 69, 335 A.2d 856 (1975).

Petitioner finally says that the Board's revocation of his parole was not made "in accordance with prevailing statutes" and should therefore be reversed. A close review of the record has revealed no irregularities to us. On this phase of his case, the petitioner

---

[1] Petitioner appears to also argue that the Board surrendered any right to recommit when it released him after the hearing of July 25, 1975 and continued his parole pending the disposition of the new charges. The lifting of a detainer is irrelevant to the Board's power to recommit a convicted parole violator. *Choice v. Pennsylvania Board of Probation and Parole*, 24 Pa. Commonwealth Ct. 438, 357 A.2d 242 (1976).

makes no specific reference of law. It is possible that the petitioner means to repeat the contention made in his petition for review, that although he was given a revocation hearing, he was not given a preliminary hearing. When a parole revocation is based on a parolee's commission and conviction of a crime while on parole a revocation hearing alone satisfies due process requirements and no preliminary hearing is necessary in such case. *Commonwealth v. Davis,* 234 Pa. Superior Ct. 31, 336 A.2d 616 (1975); *see also* concurring opinion by Mr. Justice POMEROY in *Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1974).

Accordingly, we enter the following:

ORDER

AND Now, this 17th day of June, 1977, we grant the Pennsylvania Board of Probation and Parole motion for summary judgment and enter judgment in the Board's favor and against the petitioner.