# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Ollie,                          :
              Petitioner      :
                               :
      v.                         :    No. 940 C.D. 2020
                               :    Submitted: April 1, 2021
Pennsylvania Parole Board,              :
              Respondent      :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                               FILED: July 9, 2021

        Derrick Ollie, an inmate at the State Correctional Institution (SCI) at Somerset,[1] petitions for review of an adjudication of the Pennsylvania Parole Board (Board) that affirmed its two decisions with respect to Ollie's parole revocation. The first decision recommitted Ollie as a convicted parole violator to serve the remainder of his original sentence. The second decision calculated the remainder of Ollie's original sentence as 1 year, 11 months, and 28 days, and denied Ollie any credit for the time he spent at liberty on parole prior to his recommitment. Ollie contends that the Board erred by recommitting him as a convicted parole violator because his original sentence had expired before his conviction of the new criminal charge. Alternatively, Ollie asserts that the Board abused its discretion by denying him credit for the time he spent at liberty on parole. For the following reasons, we affirm.

---

[1] On October 13, 2020, this Court ordered the Public Defender of Somerset County to represent Ollie. On January 25, 2021, Sara Huston, Esquire, of the Somerset County Office of the Public Defender, entered her appearance.

On March 19, 2014, Ollie pled guilty to aggravated assault and was sentenced by the Court of Common Pleas of Erie County (trial court) to a term of two to four years of incarceration in an SCI. At sentencing, his maximum sentence date was December 21, 2018. On December 21, 2016, Ollie was released on parole.

On August 12, 2018, at 11:53 p.m., Ollie was arrested and placed in the Erie County Prison early in the morning of August 13, 2018. On August 13, 2018, the Erie Police Department charged Ollie with carrying a firearm without a license; possession of a firearm – prohibited; possession of a controlled substance; possession of a small amount of marijuana; and possession of drug paraphernalia.[2] Bail was set at $25,000, which Ollie did not post.

The Board lodged a detainer against Ollie on August 13, 2018. Ollie waived his right to counsel and a detention hearing. By decision recorded on October 5, 2018, the Board detained Ollie, pending disposition of the new criminal charges.

On December 19, 2018, Ollie posted bail on the new charges. Two days later, on December 21, 2018, Ollie's original maximum sentence date expired, and the Board lifted its detainer. Ollie remained free until March 29, 2019, when the trial court revoked his bail. On April 30, 2019, Ollie pled guilty to possession of a firearm – prohibited, and the remaining charges were *nolle prossed*. On June 25, 2019, Ollie was sentenced to 5 to 10 years in an SCI.

On May 21, 2019, Ollie received notice of a parole revocation hearing based on his April 30, 2019, criminal conviction. He waived his right to counsel and

---

[2] Previously, on February 26, 2018, the Erie Police Department filed a criminal complaint against Ollie on several charges related to a domestic violence claim. The Board issued a warrant declaring Ollie delinquent as of that date. On March 26, 2018, the criminal charges were withdrawn, and the Board removed its warrant. Neither party asserts these charges impacted the calculation of Ollie's original sentence.

a revocation hearing and admitted his new criminal conviction. By decision of July 3, 2019, the Board recommitted Ollie as a convicted parole violator to serve his unexpired sentence, when available, pending his return to an SCI.

Ollie was returned to the Board's custody on June 26, 2019. By decision of November 22, 2019, the Board calculated Ollie's unexpired term on his original sentence as 1 year, 11 months, and 28 days. The Board did not award Ollie credit for the time he spent at liberty on parole, also referred to as "street time," for the stated reason that his new conviction involved possession of a weapon. His maximum sentence date was recalculated as June 23, 2021.

Ollie, *pro se*, filed two administrative appeals[3] that raised the same claims. Because his original sentence had expired in 2018 prior to his 2019 conviction on the new charge, Ollie argued that he "was no longer on state parole and anytime [sic] between was good time." Certified Record at 110, 114 (C.R. ___). Stated otherwise, Ollie asserted that the Board could not revoke the time he spent at liberty on parole because he had finished serving his original sentence in 2018 before the Board took this action. As to the Board's denial of credit for street time, Ollie argued that the Board erred because he had "no delinquent time while [at] liberty [on parole] . . . ." C.R. 114. Therefore, his street time should not have been revoked.

The Board treated the above-listed filings as administrative appeals of the Board's decisions delivered to Ollie on July 11, 2019, and November 25, 2019.[4] The Board denied both appeals by an adjudication dated August 7, 2020. In the adjudication, the Board explained that it had the authority to recommit Ollie as a

---

[3] Ollie filed the two administrative remedies forms on July 30, 2019, and December 5, 2019. Ollie also filed a third administrative appeal, which the Board received on December 10, 2019. It appears to be identical to his December 5, 2019, administrative appeal.

[4] The Board's decision recorded on July 3, 2019, was delivered to Ollie on July 11, 2019. The Board's decision recorded on November 22, 2019, was delivered to Ollie on November 25, 2019.

convicted parole violator for an offense committed while he was on parole, regardless of when a detainer was lodged or when the conviction was entered. The controlling factor is the date of the offense, not the date of the conviction. Here, Ollie's offense was committed prior to the expiration of his original sentence, *i.e.*, while he was on parole from that sentence. Accordingly, the Board had authority to revoke Ollie's parole and recommit him as a convicted parole violator based on his new conviction.

With respect to the Board's denial of street time credit, the Board explained that it has discretion to grant or deny a convicted parole violator credit for time spent at liberty on parole. In Ollie's case, the Board denied credit for the stated reason that his new conviction involved possession of a weapon, which constituted a valid reason to deny street time credit.

With respect to Ollie's maximum sentence date, the Board explained its recalculation. On December 21, 2016, Ollie was paroled with 730 days remaining on his original sentence. On August 13, 2018, Ollie was arrested on the new criminal charges and the Board lodged its detainer the same day. On December 19, 2018, Ollie posted bail on the new charges, and on December 21, 2018, the Board lifted its detainer warrant due to the expiration of Ollie's original maximum sentence date. Therefore, he spent two days detained solely on the Board's warrant, and those two days were credited towards his original sentence. Ollie was sentenced by the trial court on June 25, 2019, and he became available to serve his original sentence on June 26, 2019, when the Board voted to recommit him as a convicted parole violator. Adding 728 days (730 days minus 2 days) to that availability date yielded a recalculated maximum sentence date of June 23, 2021.

4

Ollie petitioned for this Court's review of the Board's adjudication.[5] On appeal,[6] he asserts that the Board erred because it failed to consider that he was convicted and sentenced on the new charge *after* the expiration of his original maximum sentence date of December 21, 2018. Ollie argues that because the Board lifted its detainer warrant at the expiration of his maximum sentence date, it lacked authority to relodge the warrant upon his conviction. Likewise, Ollie argues that the Board lacked authority to revoke his street time and impose backtime on his original sentence. In the alternative, Ollie claims that the Board abused its discretion to deny him credit for his street time, in light of the fact that the new conviction occurred after the expiration of his original sentence. Further, while he was on parole, he was never declared delinquent.

The Board responds that it is frivolous to suggest that it lacks the power to recommit a parolee who commits a crime while on parole. It is irrelevant that the parolee is not convicted until after the expiration of his original sentence.

We begin with the applicable law. Section 6138(a)(1) of the Prisons and Parole Code (Parole Code) states:

> A parolee under the jurisdiction of the [B]oard released from a correctional facility who, *during the period of parole* or while delinquent on parole, *commits a crime punishable by imprisonment, for which the parolee is convicted* or found guilty by a judge or jury or to which the parolee pleads guilty or nolo

---

[5] On August 13, 2020, after the Board issued its final decision in this matter, Ollie attempted to amend his requests for administrative relief, which amendment the Board dismissed on October 2, 2020, as a second or subsequent request for relief under the Board's regulations.

[6] Our review determines whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

5

> contendere *at any time thereafter in a court of record*, *may at the discretion of the [B]oard be recommitted as a parole violator*.

61 Pa. C.S. §6138(a)(1) (emphasis added).  In sum, if a parolee commits a crime while on parole and is convicted "at any time thereafter," he may be recommitted as a convicted parole violator.  As explained in *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 73 (Pa. Cmwlth. 2013), "[i]t is well-settled law that the Board retains jurisdiction to recommit an individual as a parole violator[, and thus recalculate his maximum sentence date,] after the expiration of the maximum term, so long as the crimes that lead to the conviction occurred while the individual is on parole."[7]  *See also Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1124 (Pa. Cmwlth. 2005).  Moreover, the Board's decision to lift its detainer at the expiration of the original sentence, and then relodge its detainer upon the parolee's conviction on the new charges, is "irrelevant to the [Board's] power to recommit a convicted parole violator."  *Choice v. Pennsylvania Board of Probation and Parole*, 357 A.2d 242, 243 (Pa. Cmwlth. 1976).[8]

Here, it is undisputed that Ollie committed a crime on August 12, 2018, when he was still on parole from his original sentence, which had a maximum date of December 21, 2018.  The fact that Ollie was not convicted until April 30, 2019, after the expiration of his original term, is irrelevant to the Board's authority.  We reject Ollie's claim that the Board lacked authority to recommit him as a result of a crime he committed while on parole; the date of conviction is not dispositive.

---

[7] In *Miskovitch*, the parolee was arrested on new criminal charges in 2004, his original sentence expired in 2008, and he was not convicted on the new charges until 2010.

[8] In *Choice*, as herein, the Board lodged a detainer pending the outcome of the new criminal charges, but lifted it on the date of the expiration of the parolee's original maximum sentence, and then relodged it once the parolee was convicted on the new charges.

Ollie next argues that the Board's revocation of his street time and imposition of backtime constitutes the imposition of a new sentence. In *Hughes v. Pennsylvania Board of Probation and Parole*, 179 A.3d 117, 121 (Pa. Cmwlth. 2018) (emphasis in original), this Court explained that "the Board *did not impose an additional sentence* on [the parolee,] but, rather, directed [the parolee] to *complete the original judicially*[ ]*mandated sentence*." In *Hughes*, and as noted above, we further explained:

> Section 6138(a)(1) [of the Parole] Code provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a convicted parole violator. 61 Pa. C.S. § 6138(a)(1). If the parolee is recommitted as a [convicted parole violator], he must serve the remainder of the term that he would have been compelled to serve had parole not been granted (i.e., "backtime"), with no time for liberty on parole, unless the Board, in the exercise of its sole discretion, chooses to award credit. Section 6138(a)(2), (2.1) of the [Parole] Code, 61 Pa. C.S. §6138(a)(2), (2.1).

*Id.* at 120. The Board merely recalculated Ollie's maximum sentence date to reflect the time remaining on his original sentence without credit for time at liberty on parole, as is authorized in Section 6138(a)(2) of the Parole Code. The Board did not extend Ollie's original sentence or impose a new sentence, as he argues.

In his final contention, Ollie acknowledges that the Board has the discretion to revoke credit for the time he spent at liberty on parole. However, he claims that the Board erred because it did not consider the fact that his original sentence expired prior to his new conviction. The Board responds that it has the authority to recommit Ollie as a convicted parole violator and deny him credit for the time he spent at liberty on parole. Again, we agree with the Board.

7

Under Section 6138(a)(2) of the Parole Code, a recommitted convicted parole violator must serve the remainder of his sentence that he had not yet served at the time of his parole without credit for the time he was on parole. 61 Pa. C.S. §6138(a)(2). Section 6138(a)(2.1) of the Parole Code, however, "unambiguously grants the Board discretion to award credit to a [convicted parole violator] recommitted to serve the remainder of his sentence [under Section 6138(a)(2)]," with certain exceptions not applicable here. *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017); 61 Pa. C.S. §6138(a)(2.1)(i)-(ii) (requiring Board to deny credit to parolees convicted of certain enumerated offenses or subject to Federal removal orders). When exercising its discretion to deny credit for time spent at liberty on parole, the Board must provide a "contemporaneous statement" to explain its rationale. *Pittman*, 159 A.3d at 475. The Board's explanation need not be extensive, and "a single sentence explanation is likely sufficient in most instances." *Id*. at 475, n.12. This enables the appellate court to review the Board's exercise of discretion. *Marshall v. Pennsylvania Board of Probation and Parole*, 200 A.3d 643, 651 (Pa. Cmwlth. 2018).

Here, the Board denied Ollie credit for his street time for the stated reason that his new criminal conviction involved possession of a weapon. Ollie does not suggest that the Board's stated reason was insufficient. Instead, he suggests that because he was in good standing during his parole and because his conviction occurred after the expiration of his sentence, the Board should have exercised its discretion otherwise.

We reject this contention. As explained, the timing of Ollie's conviction was irrelevant. In any case, Ollie was not in good standing during his

parole; he committed a criminal offense on August 12, 2018, while he was on parole. We reject Ollie's third claim of error.

For all the above reasons, we affirm the Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Ollie,                 :
            Petitioner      :
                     :
      v.                :   No. 940 C.D. 2020
                     :
Pennsylvania Parole Board,   :
          Respondent   :

## **O R D E R**

AND NOW, this 9th day of July, 2021, the adjudication of the Pennsylvania Parole Board, dated August 7, 2020, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita