Anthony Manuel Valentin, :
                Petitioner :
                 :
      v. :
                 :
Pennsylvania Parole Board, : No. 979 C.D. 2022
                Respondent : Submitted: May 19, 2023

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: July 18, 2023

Anthony Manuel Valentin (Valentin), an inmate at a state correctional institution, petitions for review of a decision of the Pennsylvania Parole Board (Board) mailed on August 17, 2022, that denied Valentin's *pro se* administrative appeal of a Board decision recorded on August 24, 2021, revoking Valentin's parole. Also before us is the Application to Withdraw as Counsel (Application to Withdraw) of Kent D. Watkins, Esquire (Counsel), asserting that the petition for review is frivolous. For the following reasons, we grant the Application to Withdraw and affirm the Board's order.

## I. Background

On June 1, 2016, Valentin received concurrent sentences of one year and six months to five years of incarceration on convictions for robbery and

conspiracy to commit robbery (Original Sentences). *See* Certified Record (C.R.) at 1. His minimum and maximum sentence dates on the Original Sentences were March 22, 2017, and September 22, 2022, respectively. *See* C.R. at 1. Valentin was released on parole from the Original Sentences on August 25, 2017.[1] *See* C.R. at 4-7.

On August 4, 2020, the Board issued a Warrant to Commit and Detain (First Warrant) based on Valentin's arrest for simple assault in Allentown, Pennsylvania, on that date. *See id.* at 11-12. The First Warrant was cancelled on January 15, 2021. *See id.* at 13. However, thereafter, on July 6, 2021, the Board issued a second Warrant to Commit and Detain (Second Warrant) based on Valentin's July 1, 2021 conviction and sentence for the August 4, 2020 simple assault (Assault Conviction).[2] *See* C.R. at 14-19.

By decision recorded on August 24, 2021 (August 2021 Board Decision), the Board revoked Valentin's parole,[3] recommitted him to serve 15 months' backtime[4] on the Original Sentences, and denied credit for time Valentin spent at liberty on parole based on the assaultive nature of the Assault Conviction.

---

[1] Valentin was granted parole by Board Decision recorded on August 1, 2017. *See* C.R. at 4. His actual date of release, however, was August 25, 2017. *See id.* at 7.

[2] Valentin received a sentence of 12 months of probation for the Assault Conviction. *See* C.R. at 19, 21-22.

[3] The Board scheduled a revocation hearing based on the Assault Conviction. *See* C.R. at 25-27. Valentin waived the revocation hearing and completed a Waiver of Revocation Hearing and Counsel/Admission Form on July 6, 2021. *See id.* at 27.

[4] "Back[time] is that part of an existing judicially-imposed sentence which the Board directs a parolee to complete following a finding . . . that the parolee violated the terms and conditions of parole . . . ." *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496, 499 (Pa. Cmwlth. 2012); *see also* 37 Pa. Code § 61.1 (defining backtime as "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled").

2

*See* C.R. at 28-35, 52-53.  The Board explained its reasoning for the denial of credit for the time Valentin spent at liberty on parole as follows:

> Reason:  Conviction in a court of record established, failure to comply with sanctions, new charges serious/assaultive, not amenable to parole supervision, considered a threat to the safety of the community.

C.R. at 52.[5]  The August 2021 Board Decision calculated Valentin's parole violation maximum sentence date as February 21, 2024.  *See id.*

On September 9, 2021, Valentin filed a timely *pro se* administrative appeal of the August 2021 Board Decision, alleging that (1) the Board lacked authority to recalculate his maximum sentence date; (2) the Board improperly denied him credit for street time based on the Assault Conviction; and (3) the Board improperly calculated his time served on the Board's warrants or while incarcerated. *See* C.R. at 54-56.  By letter dated August 17, 2022, the Board denied Valentin's administrative appeal.  *See id.* at 59-61.  In affirming the Board action, the Board explained that,

> [w]hile Valentin suffered [the Assault Conviction] on July 1, 2021 in Lehigh County, because the crime in question occurred while under supervision, the Board has the authority to recommit him for the new conviction and recalculate his original maximum date[.] 61 Pa.C.S. § 6138(a); *see also Choice v. Pa. B[d.] of Prob[.] and Parole*, 357 A.2d 242 (Pa. Cm[wlth]. 1976).

---

[5] In addition, by way of recommendation regarding the denial of credit for time spent at liberty on parole, in the revocation hearing report the hearing officer checked a box that said "[t]he offender committed a new offense that was assaulting in nature whereby warranting denial of credit for time at liberty on parole."  C.R. at 30.

The record indicates that Valentin [was] paroled from [the O]riginal [S]entence[s] on August 25, 2017[,] with a maximum date of September 22, 2022[,] leaving him with 1[1]24 days remaining on [the O]riginal [S]entence[s] the day he was released. Again, the Board's decision to deny him credit for the time spent at liberty on parole based on his recommitment as a [convicted parole violator (]CPV[)] means that he owed 1124 days on [the O]riginal [S]entence[s] based on the recommitment. 61 Pa.C.S. § 6138(a)(2). The Board applied 164 days of pre-sentence credit from August 4, 2020[,] (when the Board's [d]etainer was lodged)[,] to January 15, 2021[,] (when the Board's detainer was lifted)[,] towards [the O]riginal [S]entence[s] because the new sentence resulted in probation, and thus, that period cannot be applied toward the new sentence. *Martin v. Pa. B[d.] of Prob[.] and Parole*, 840 A.2d 299 (Pa. 2003). Thus, Valentin was left with 1124-164 = 960 days on [the O]riginal [S]entence[s] based on the recommitment. Valentin was sentenced in Lehigh County on July 1, 2021[,] to 12[ ]month[s'] probation, and the Board's detainer was subsequently re-lodged for revocation proceedings on July 6, 2021. Because Valentin was sentenced to probation on July 1, 2021, he therefore became available to commence service of [the O]riginal [S]entence[s] [] on July 6, 2021[,] when the Board's detainer was re-lodged for revocation. Adding 960 days to July 6, 2021[,] yields a recalculated maximum date of February 21, 2024.

C.R. at 59-60.

On September 16, 2022, Valentin, through Counsel,[6] filed a timely Petition for Review with this Court. On January 3, 2023, Counsel filed a

---

[6] Counsel entered his appearance on Valentin's behalf on May 11, 2022, during the pendency of his administrative appeal before the Board. *See* C.R. at 57. Valentin is indigent and Counsel is providing free legal service for the purpose of the instant appeal before this Court. *See* Application for Leave to Appeal In Forma Pauperis Pursuant to Pa.R.A.P. 553; *see also* Commonwealth Court Order dated September 22, 2022.

4

*Turner*/*Finley* letter[7] (*Turner*/*Finley* Letter) and the Application to Withdraw with this Court. The Court then filed an order informing Valentin that he could either obtain substitute counsel at his own expense to file a brief on his behalf or he could file a *pro se* brief on his own behalf within 30 days of service of the order. *See* Commonwealth Court Order dated January 6, 2023. Valentin neither secured private counsel nor submitted a brief on his own behalf. On May 22, 2023, the Court entered an order directing that Counsel's Application to Withdraw and the merits of Valentin's appeal of the August 2021 Board Decision be submitted on briefs. *See* Commonwealth Court Order dated May 22, 2023.

## II. Issues

Counsel has identified three issues for this Court's review:[8] first, that the Board lacks the authority to change the maximum date of Valentin's sentences; second, that the Board failed to give Valentin credit for all time served exclusively on its warrant(s); and third, that the Board abused its discretion in refusing to award Valentin credit for time spent at liberty on parole. *See* Pet. for Rev. ¶¶ 6-7; *see also Turner*/*Finley* Letter at 5-12.

---

[7] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Counsel files such a letter when seeking to withdraw from representation of a parole violator because the violator's case lacks merit, although it may not be "so anemic as to be deemed wholly frivolous." *Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007)) (internal quotation marks omitted). Such letters go by many names in the Commonwealth, including "no-merit letter," "*Finley*" letter, "*Turner* letter," and "*Turner*/*Finley* letter." *See Anderson*, 237 A.3d at 1204 n.2.

[8] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66 (Pa. Cmwlth. 2013).

### III. Application to Withdraw

Before addressing the validity of the substantive arguments, we must assess the adequacy of the *Turner/Finley* Letter. As this Court has explained:

> A *Turner*[/*Finley*] letter must include an explanation of the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless. As long as a *Turner*[/*Finley*] letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. However, if the letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client.

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020) (internal citations, quotation marks, and original brackets omitted).

Here, Counsel has satisfied the requirements for a *Turner/Finley* letter. In the *Turner/Finley* Letter, Counsel indicated that he reviewed the certified record and researched applicable case law. *See Turner/Finley* Letter at 1, 12-13. Counsel identified the issues raised and explained why each lacks merit. *See Turner/Finley* Letter at 5-12. Counsel served Valentin with a copy of the *Turner/Finley* Letter and Application to Withdraw and advised him of his right to retain new counsel or proceed *pro se*. *See Turner/Finley* Letter at 12-13; *see also* Application to Withdraw at 2. Because Counsel complied with the technical requirements to request withdrawal, and because we agree that the appeal is frivolous as discussed *infra*, we grant the Application to Withdraw.

6

## IV. Discussion

### A. *Recalculation of Maximum Sentence Date*

Initially, Section 6138(a)(1) of the Prisons and Parole Code[9] allows the Board to recommit parolees who commit and are convicted of crimes punishable by imprisonment while on parole. *See* 61 Pa.C.S. § 6138(a)(1). Further, Pennsylvania's General Assembly has expressly authorized the Board to recalculate the maximum date of a sentence beyond the original date, where such recalculation does not add to the total length of the sentence. *See Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117, 120 (Pa. Cmwlth. 2018) (explaining that the maximum length of the sentence, not the maximum sentence date, is controlling); *Ruffin v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 2038 C.D. 2016, filed July 13, 2017),[10] slip op. at 4. Such a recalculation accounts for periods during which a prisoner is not actually serving his sentence. *See Vann v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1067 C.D. 2017, filed Apr. 10, 2018), slip op. at 6. It is well settled that, when recalculating the sentence of a CPV, the Board does not encroach upon judicial powers, but merely requires the parole violator to serve his entire sentence under the authority granted by the General Assembly. *Young v. Bd. of Prob. & Parole*, 409 A.2d 843, 848 (Pa. 1979) (explaining that the Board's recalculation of a CPV's sentence "is not an encroachment upon the judicial sentencing power"); *see also Ruffin*, slip op. at 8-9 (citing *Young* for the proposition that "in exercising its power to recommit a parolee beyond the maximum date set by a sentencing court without allowing for credit for time spent at liberty on parole, the Board is not engaging in

---

[9] 61 Pa.C.S. §§ 101-7301.

[10] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

an unconstitutional usurpation of judicial power but rather is operating under the express authority granted to it by the General Assembly"). Thus, to the extent Valentin suggests the Board lacked authority to recalculate his maximum sentence date, he is incorrect.

Further, the Board did not unlawfully alter Valentin's original judicially imposed sentence, but instead simply required him to serve the remainder of that original sentence. The record indicates that, upon his parole, Valentin had 1124 days remaining on the Original Sentences. Because the Board decided not to award Valentin credit for time spent at liberty on parole, Valentin still had the entirety of the 1124 days remaining to serve on the Original Sentences upon his recommitment as a CPV. The Board awarded Valentin credit for the 164 days during which he was in custody on the Board's detainer, leaving him 960 days to be served on the Original Sentences, which is the backtime the Board calculated and applied, yielding a recalculated maximum date for the Original Sentences of February 21, 2024. We find no error in the Board's calculations and thus no violation of Valentin's rights.

### B. *Street Time Credit*

Parolees convicted of new criminal offenses committed while on parole are subject to recommitment as CPVs and may, in the Board's discretion, lose credit for *all* "time at liberty on parole," also known as "street time," upon recommitment. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 474 (Pa. 2017); *see also* 61 Pa.C.S. § 6138(a)(1)-(2.1) (explaining that if the parolee is recommitted as a CPV, the parolee shall be given no credit for the time spent at liberty on parole unless the Board, in its discretion, decides to award the time as provided therein). When exercising its discretion to deny CPVs street time credit, "the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time

8

spent at liberty on parole." *Pittman*, 159 A.3d at 475. However, "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12.

Here, the Board exercised its discretion and denied Valentin credit for his street time due to the assaultive nature of the Assault Conviction. *See* C.R. at 32-33. This reason is adequate for the Board to exercise its discretion to deny Valentin credit for time spent at liberty on parole. *See Hoover v. Pa. Bd. of Prob. and Parole* (Pa. Cmwlth., No. 609 C.D. 2017, filed February 15, 2019) (affirming the denial of street time credit for a convicted parole violator due to the assaultive nature of simple assault committed while he was on parole). Thus, the Board did not err in denying Valentin credit for time spent at liberty on parole.

### V. Conclusion

For the reasons discussed above, following our independent review of the record and applicable law, we agree with Counsel that Valentin's issues on appeal lack factual or legal merit. Accordingly, we find the instant appeal to be frivolous and affirm the Board's denial of the claims contained in Valentin's administrative appeal of the August 2021 Board Decision and grant the Application to Withdraw.

_____
CHRISTINE FIZZANO CANNON, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Manuel Valentin,         :
          Petitioner     :
                         :
      v.              :
                         :
Pennsylvania Parole Board,     :   No. 979 C.D. 2022
          Respondent   :

O R D E R

AND NOW, this 18th day of July, 2023, the August 17, 2022, order of the Pennsylvania Parole Board is AFFIRMED. The Application to Withdraw as Counsel is GRANTED.

_____
CHRISTINE FIZZANO CANNON, Judge